UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Ronald Senner,

    Plaintiff,

v.

Landmark Credit Union and Trans Union LLC.

    Defendants.

Case No.:

## COMPLAINT

COMES NOW Plaintiff, Ronald Senner, by and through counsel undersigned, upon information and belief, herby complains as follows:

### I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on his consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

### II. PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Waukesha, Wisconsin.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681(a)(c).

4. Defendant, Landmark Credit Union, is a lending and banking institution existing and operating under the laws of the State of Wisconsin and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies.

5. Defendant Landmark Credit Union has the following designated service agent for service within the State of Wisconsin as follows: David Powers; 5445 S. Westridge Dr. New Berlin, WI 53151.

6. At all times pertinent hereto, Landmark Credit Union was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

7. Defendant, Trans Union LLC, is a credit reporting agency, licensed to do business in Wisconsin and has designated the following registered statutory agent: The Prentice-Hall Corporation System, Inc. 8040 Excelsior Drive Suite 400 Madison, WI 53717.

8. Defendant Trans Union is, and at all times relevant hereto was, regularly doing business in the State of Wisconsin.

9. Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

10. Trans Union furnishes such consumer reports to third parties under contract for monetary compensation.

11. At all times pertinent hereto, Defendant Trans Union was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III. JURISDICTION AND VENUE

12. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

13. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Waukesha County, Wisconsin and Defendants do business in Wisconsin.

14. Personal jurisdiction exists over Defendants as Plaintiff resides in Wisconsin, Defendants have the necessary minimum contacts with the state of Wisconsin, and this suit arises out of specific conduct with Plaintiff in Wisconsin.

## IV. FACTUAL ALLEGATIONS

15. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Landmark Credit Union and Trans Union (collectively, "Defendants"), and has suffered particularized and concrete harm.

16. Trans Union is one of the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

17. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

18. Trans Union has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

19. In November 2020 Plaintiff discovered the Defendant Landmark Credit Union's account #278877**** (the "Account") was being reported in error. The Account was notated in error as "CH 7 REAFFIRMATION OF DEBT; CLOSED."

20. This is inaccurate because Plaintiff's Chapter 7 Bankruptcy was filed more than 10 years prior to this credit reporting.

21. Reference to the Chapter 7 Bankruptcy should have been removed after 10 years.

22. The referenced notation has become a permanent component of the Plaintiff's credit profile and is reported to those who ask to review the credit history

3

of Plaintiff.

23. Defendant Landmark Credit Union continued, erroneously, to report the Account to Plaintiff's Trans Union consumer report.

24. The false information regarding the Inquiry appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

## PLAINTIFF'S WRITTEN DISPUTE

25. On or about November 25, 2020, Plaintiff sent a written dispute to Trans Union ("Trans Union Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Trans Union consumer report.

26. Upon information and belief, Trans Union forwarded Plaintiff's Dispute Letter to Defendant Landmark Credit Union.

27. Upon information and belief, Landmark Credit Union received notification of Plaintiff's Dispute Letter from Trans Union.

28. Landmark Credit Union did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

29. Trans Union did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

30. Upon information and belief, Landmark Credit Union failed to instruct Trans Union to remove the false information regarding the Account reporting on Plaintiff's consumer report.

31. Trans Union employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Dispute Letter.

32. At no point after receiving the Dispute Letter did Landmark Credit Union

and/or Trans Union communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letter.

33. Trans Union relied on its own judgment and the information provided to them by Landmark Credit Union rather than grant credence to the information provided by Plaintiff.

## COUNT I – TRANS UNION
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

34. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

35. After receiving the Trans Union Dispute, Trans Union failed to correct the false information regarding the Account reporting on Plaintiff's Trans Union consumer report.

36. Defendant Trans Union violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Trans Union published and maintained concerning Plaintiff.

37. As a result of this conduct, action and inaction of Defendant Trans Union, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

38. Defendant Trans Union's conduct, action, and inaction were willful, rendering Defendant Trans Union liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

39. In the alternative, Defendant Trans Union was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

40. Plaintiff is entitled to recover costs and attorneys' fees from Defendant

Trans Union, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – TRANS UNION

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

41. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

42. After receiving the Trans Union Dispute, Trans Union failed to correct the false information regarding the Account reporting on Plaintiff's Trans Union consumer report.

43. Defendant Trans Union violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

44. As a result of this conduct, action and inaction of Defendant Trans Union, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

45. Defendant Trans Union's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

46. In the alternative, Defendant Trans Union was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

47. Plaintiff is entitled to recover costs and attorneys' fees from Defendant

6

Trans Union pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT III – LANDMARK CREDIT UNION
(Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

48. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

49. After receiving the Dispute Letter, Landmark Credit Union failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

50. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Landmark Credit Union's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Landmark Credit Union's representations to consumer credit reporting agencies, among other unlawful conduct.

51. As a result of this conduct, action, and inaction of Defendant Landmark Credit Union's, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

52. Defendant Landmark Credit Union's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

53. In the alternative, Defendant Landmark Credit Union was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

54. Plaintiff is entitled to recover costs and attorney's fees from Defendant

Landmark Credit Union pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks his statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: June 29, 2021

*/s/Jacob W. Hippensteel*
Jacob W. Hippensteel
MCCARTHY LAW, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ 85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
Attorney for Plaintiff